UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRY CUEVAS-NOVAS,  :<br>     Petitioner                 : <br>                                    :<br>v.                                  :<br>                                    :<br>DEPARTMENT OF HOMELAND  :<br>SECURITY (IMMIGRATION and  :<br>CUSTOMS ENFORCEMENT),     :<br>     Respondent               : | No. 1:23-cv-00207<br><br>(Judge Kane) |

**MEMORANDUM**

Petitioner Andry Cuevas-Novas ("Petitioner"), formerly a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). (Doc. No. 1.) He challenges his continued detention and requests a bond hearing. (Id.) For the reasons set forth below, the petition will be dismissed as moot.

**I.    BACKGROUND**

Petitioner is a native and citizen of the Dominican Republic. (Doc. No. 9-1 at 4.) He was admitted to the United States in Miami, Florida on or about May 9, 2021, as a P-1 non-immigrant visa (internationally recognized athlete or entertainer) with authorization to remain in the United States of America ("United States") for a temporary period of time, not to exceed December 31, 2021. (Id. at 4–5.)

On August 18, 2022, Petitioner was arrested by the Hazleton City Police Department in connection with a domestic incident, and he was charged with simple assault, criminal mischief, and harassment. (Doc. No. 9-1 at 10.) These charges were later dismissed. (Doc. No. 9-7 at 27–29.) Thirteen (13) days later, on August 31, 2022, the Department of Homeland Security served Petitioner with a Notice to Appear charging him as removable from the United States.

(Doc. No. 9-2 at 2–3.)  This charge was based upon the fact that Petitioner had remained in the United States beyond December 31, 2021 (the date permitted by his visa) without authorization from the Immigration and Naturalization Service or its successor the Department of Homeland security.  (Id. at 2.)

Petitioner was informed that he was subject to removal pursuant to the Immigration and Nationality Act § 237(a)(1)(B), and he was directed to appear before an immigration judge on September 19, 2022.  (Id.)  Petitioner was also informed that he would be detained by the Department of Homeland Security under § 236 of the Immigration and Nationality Act (8 U.S.C. § 1226) pending a final administrative determination in his case.  (Doc. No. 9-3 at 1.)  In response, Petitioner requested that an immigration judge review his custody determination.  (Id.)

On October 6, 2022, following Petitioner's request for time to prepare (Doc. No. 9-4) and Petitioner's request for time to obtain counsel (Doc. No. 9-5), an immigration judge held a custody redetermination hearing (Doc. No. 9-6).  The immigration judge denied Petitioner's request for a change in custody status.  (Id. at 1.)  Petitioner did not appeal that decision.  (Doc. Nos. 11; 6 at 2 (containing the immigration judge's order, wherein he indicates that Petitioner waived his appeal).)

Thereafter, on February 6, 2023, while Petitioner was detained at the Pike County Correctional Facility in Lords Valley, Pennsylvania, he commenced the above-captioned action by filing the instant Section 2241 petition.  (Doc. No. 1 at 1.)  He alleges that he is being detained without bond and that he does not have a criminal history or any pending criminal charges that would warrant his detention.  (Id. at 3, 6, 7.)  In addition, he alleges that he has not had any removal proceedings and that he was married while in custody.  (Id. at 2, 3, 6, 7.)  Finally, he alleges that his detention under 8 U.S.C. § 1231(a) is unreasonable because he has

been detained beyond the statutory ninety (90)-day removal period.  See (id. at 2).  In connection with these allegations, he asserts that his detention is unlawful, and he requests a bond hearing so that it can be explained to him "why [he is] being unlawfully detained."  (Id. at 8.)[1]

On March 8, 2023, the Court, inter alia, deemed the petition filed, directed service of the petition on Respondent, and directed Respondent to respond to the allegations contained in the petition withing twenty (20) days.  (Doc. No. 6.)  On March 28, 2023, Respondent filed an initial response to the petition, arguing that it should be dismissed because Petitioner failed to exhaust administrative remedies and because he was lawfully detained under 8 U.S.C. § 1231 as an alien subject to a final order of removal, whose removal is significantly likely in the reasonably foreseeable future, and who has received all due process protections required.  (Doc. No. 9.)  Two (2) days later, on March 30, 2023, Respondent filed a supplemental response to the petition, indicating that Petitioner was scheduled to be removed from the United States within ten (10) days.  (Doc. No. 10.)

Thereafter, on July 10, 2023, the Court directed Respondent to update the Court within fourteen (14) days as to whether Petitioner had been removed from the United States, as previously represented to the Court.  (Doc. No. 11.)  On that same date, Respondent filed a suggestion of mootness, indicating that legal counsel for ICE advised the United States Attorney's Office that Petitioner was removed to the Dominican Republic.  (Doc. No. 12.)  As a result, Respondent contends that the Court should dismiss the instant petition as moot since Petitioner is no longer in ICE custody, and there is no further relief available to him.  (Id.)  Thereafter, on July 24, 2023, mail that had previously been sent to Petitioner was returned to the

---

[1] Notably, however, Petitioner acknowledges that he has "an expired Visa."  (Doc. No. 1 at 7.)

Court as undeliverable with a note that states, "NO LONGER HERE." (Doc. No. 13.) Thus, the instant Section 2241 petition is ripe for the Court's disposition.

## II. DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" See id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." See id. (citing DeFoy, 393 F.3d at 441).

These principles apply "with particular force to habeas petitions filed in immigration matters." See Beresford v. Doll, No. 20-cv-00525, 2021 WL 199353, at *1 (M.D. Pa. Jan. 20, 2021). As recognized by the United States Court of Appeals for the Third Circuit, administrative action taken by immigration officials addressing the concerns raised by an alien's habeas petition renders that petition moot. See Burke v. Gonzales, 143 F. App'x 474, 476 (3d Cir. 2005) (unpublished). For instance, a habeas petition challenging the petitioner's continued detention by ICE, on the ground that there is no significant likelihood of removal in the reasonably foreseeable future, is rendered moot once the petitioner is released from detention pending his removal from the United States. See Sanchez v. Attorney General, 146 F. App'x 547, 549 (3d Cir. 2005) (unpublished). Similarly, a habeas petition challenging the legality or duration of a

petitioner's detention by ICE is rendered moot once the petitioner has been removed or deported from the United States.  See Lindaastuty v. Attorney General, 186 F. App'x 294, 298 (3d Cir. 2006) (unpublished).[2]

Here, Respondent attests that Petitioner has been removed from the United States (Doc. No. 12), and a search of ICE's online detainee locator system reveals no results for him.  In addition, mail, which was previously sent to Petitioner by the Court, was returned as undeliverable based upon the assertion that he is "NO LONGER HERE," i.e., at Pike County Correctional Facility.  (Doc. No. 13.)  Thus, it is apparent that Petitioner is no longer in ICE custody and that this Court is unable to grant Petitioner the relief that he seeks in his Section 2241 petition.  As a result, the Court will dismiss the petition as moot.  See Hamilton v. Bromley, 862 F.3d 329, 335 (3d Cir. 2017) (explaining that, under Third Circuit precedent, "a case is moot if developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief" (citation and internal quotation marks omitted)).

### III.   CONCLUSION

Accordingly, for the reasons set forth above, the Court will dismiss the instant Section 2241 petition as moot.  An appropriate Order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania

---

[2]  Although these Third Circuit decisions are non-precedential, they are highly persuasive as a "paradigm of the legal analysis [that this Court] should . . . follow."  See Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 n.12 (3d Cir. 1996).  And, ultimately, the Court agrees with the reasoning of these decisions and concludes that, because Petitioner has "been deported and is, therefore, no longer in custody, the challenge to [his] detention is moot and the habeas petition must be dismissed."  See Lindaastuty, 186 F. App'x at 298.